

# THE ATTORNEY GENERAL

## OF TEXAS

**Grover Sellers**
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Honorable Sidney Latham
Secretary of State
Austin, Texas

Attention: Horace B. Sessions

Dear Sir:

Opinion No. 0-6316

Re: Functions of the Administrator
of the Securities Division of of-
fice Secretary of State with
reference to applications for
real estate dealer's or sales-
man's licenses.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter. Your letter, in part, reads as follows:

"We have recently been presented with the question as to whether or not the Administrator of the Securities Division is authorized or required to investigate each applicant for a Real Estate License to determine such applicant's competency. It has been the policy of this Department in compliance with Section 9 of the Act to issue licenses upon the filing of a sworn application accompanied by three affidavits of recommendation, unless information as contained in the face of the application or in our files relating to the question of the applicant's good business repute and business practices necessitates an investigation before acting to grant or refuse the license.

"We should appreciate an opinion from your office on the question of whether or not the Administrator of the Securities Division is authorized or required under the provisions of either Section 8 or Section 9 to make an investigation of each applicant's competency upon the filing of an application in this office, and make a

finding that the applicant is competent to carry on
business as a Real Estate Dealer or Salesman before
granting such applicant a Real Estate License.

"Should it be your opinion that the Administrator
is authorized or required to make an investigation as
to each applicant's competency before acting on his
application, we should appreciate being advised as to
what standard or yard stick may be used by the
Administrator under the authority of the Act to deter-
mine competency in passing upon applications for
Real Estate Dealers License."

Under the provisions of the Real Estate Dealer's Act (Article
6573a, V.A.C.S.), it is contemplated that the public interest will be served
by the issuance of real estate dealer's or real estate salesman's licenses
to only those applicants who are of good business repute and will conduct
their business in an honest, fair, just and equitable manner. For the pur-
pose of achieving that objective, the Legislature has prescribed in Sec. 6,
Article 6573a, that the applicant shall file his application for said license
with the Administrator of the Securities Division of the office of the Secre-
tary of State, and that certain minimum information and proof shall be in-
cluded in said application. Section 7 of said Article prescribes the
residence requirements as well as certain eligibility requirements appli-
cable to non-resident applicants. Sec. 8, Article 6573a, provides:

"Application for a real estate dealer's or real estate
salesman's license shall contain such other information
as to the applicant, in addition to the above described,
as the Administrator of the Securities Division of the
office of the Secretary of State shall require. The Admin-
istrator of the Securities Division of the office of the
Secretary of State may require such other proof through
the application or otherwise as its officers shall deem
desirable with due regard to the paramount interest of
the public as to the honesty, truthfulness, integrity, and
competency of the applicant."

Sec. 9a, Article 6573a, provides:

"If the Administrator of the Securities Division of the
office of the Secretary of State is satisfied that the appli-
cant for real estate dealer's or real estate salesman's
license is of good business repute and that the business
will be conducted in an honest, fair, just, and equitable

manner, and upon complying with all other provisions
of law and conditions of this Act, a license shall there-
upon be granted by the Administrator of the Securities
Division of the office of the Secretary of State to the
successful applicant therefor as a real estate dealer
or real estate salesman, and the applicant, upon receiv-
ing possession of license, is authorized to conduct the
business of a real estate dealer or real estate salesman
in this State."

In Reagan v. Guardian Life Insurance Co., 166 S. W. (2d) 909,
the Texas Supreme Court held that under a statute (Sec. 1, Art. 5068b)
authorizing the Board of Insurance Commissioners to determine whether
licenses should be granted to life insurance agents, the power to make
such determination carried with it the power to make investigations. In
Sec. 1, Art. 5068b, we find the following language:

"Hereafter whenever any person shall desire to
become an agent for a life insurance company, . . . ,
he shall, in such form and giving such information as
may be required, make application to the Board of In-
surance Commissioners for a license to act as such
agent. After the Board of Insurance Commissioners
shall determine that such person is of good character
and reputation, it shall issue the license to such per-
son . . ."

With reference to the authority of the Board of Insurance Com-
missioners, under the foregoing section, the Court said:

"Section 1 of Article 5068b, Vernon's Civil Statutes,
provides for the licensing, among others, of life insurance
agents. The licenses are issued by the Board of Insurance
Commissioners, and the statutes clothe the Board with
power to determine if the applicant for license is of good
character and reputation. Of course, the very power to
make such determination carries with it the power to make
all necessary investigation." (Emphasis ours)

It is our opinion that the purpose and meaning of Sections 8 and
9, Article 6573a, which confer authority upon the Administrator of the
Securities Division of the office of the Secretary of State with respect to
the determination of the fitness of an applicant for a real estate dealer's
or salesman's license is similar in meaning and purpose to Section 1,
Article 5068b, which confers authority upon the Board of Insurance Com-
missioners with respect to the determination of an applicant's fitness for

a life insurance agent's license. In each instance, wide discretion is given to the respective officers in the matter of determining whether a license shall be issued, and the power to make such determination carries with it the power to conduct investigations. (Reagan v. Guardian Life Ins. Co., Supra).

In view of the foregoing, it is our opinion that the Administrator of the Securities Division of the office of the Secretary of State is authorized to make such investigation, if he deems it desirable, "with due regard to the paramount interest of the public as to the honesty, truthfulness, integrity, and competency of the applicant." However, we find no provision in Article 6573a requiring the Administrator to conduct such an investigation.

With reference to the standard or "yard stick" which may be used by the Administrator to determine competency in passing upon applications for real estate dealer's or salesman's licenses, we quote the following language of Sec. 9a, Article 6573a:  "If the Administrator of the Securities Division of the office of the Secretary of State is satisfied that the applicant for real estate dealer's or real estate salesman's license is of good business repute and that the business will be conducted in an honest, fair, just and equitable manner . . . a license shall thereupon be granted by the Administrator of the Securities Division of the office of Secretary of State to the successful applicant therefor . . ." The Administrator is to satisfy himself from all the information and proof required in the application, or otherwise, as to whether the applicant is "of good business repute and that the business will be conducted in an honest, fair, just and equitable manner."

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

JAE:ddt-rn

By    s/ J. A. Ellis
       J. A. Ellis
       Assistant

APPROVED DEC. 15, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee
By G.W.B., Chairman